E-FILED
Monday, 18 March, 2019 11:20:20 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| JEHAN ZEB MIR, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 18-cv-1315 |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | ) ) ) ) ) |
| Defendant. | ) ) |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on pro se Plaintiff Jehan Zeb Mir's Application for Clerk's Entry of Default for Defendant State Farm Mutual Automobile Insurance Company (d/e 22) (Motion for Default) and Defendant State Farm Mutual Automobile Insurance Company's (State Farm) Motion for Leave File Answer or Responsive Pleading After the Court Rules Upon the Pending Motion to Transfer Venue (d/e 19) (Motion for Leave). For the reasons set forth below, Motion for Default is DENIED, and Motion for Leave is ALLOWED.

## BACKGROUND

Mir brings this action against State Farm for breach of Mir's automobile insurance policy and breach of the covenant of good faith and

fair dealing. First Amended Complaint (d/e 5) (Complaint). Mir invoked this Court's diversity jurisdiction. 28 U.S.C. § 1332. Mir is a citizen of California and State Farm is an Illinois corporation with its principle place of business in Illinois. Complaint, § II Jurisdiction; Jurisdictional Memorandum of Defendant State Farm Mutual Automobile Insurance Company (d/e 17). The amount in controversy exceeds $75,000.00. Mir seeks in excess of $165,000 in compensatory damages plus punitive damages. Complaint, § VI Prayer. State Farm has moved to transfer venue to the Central District of California. Motion to Transfer Venue Pursuant to Section 1404(a) (d/e 12) (Motion to Transfer). The Motion to Transfer is pending before the District Court.

Mir opposed the Motion to Transfer, inter alia, because State Farm was in default for failing to answer or otherwise plead. Mir stated that State Farm had not answered and the Motion to Transfer was not a motion that must be made before pleading. Fed. R. Civ. P. 12(b). Therefore, State Farm did not avoid the obligation to file a timely answer by filing the Motion to Transfer. See Plaintiff's Opposition to Defendant's Motion for Transfer of Venue (d/e 15), at 12-13. State Farm was in default.

State Farm responded by filing the Motion for Leave. Mir opposed the Motion for Leave because State Farm was in default. Plaintiff's

Opposition to Defendant's Motion to Answer Complaint After Court Rules on Motion for Transfer of Venue (d/e 20) (Mir Opposition), at 3.  Mir then filed the Motion for Default.  State Farm has responded to the Motion for Default.  Response to Application for Default (d/e 23).  Plaintiff Mir then violated Local Rule 7.1(A)(3) by filing a reply without leave of court.  Reply to Defendant's Response to Application for Clerk's Entry of Default for Defendant State Farm Mutual Automobile Insurance Company (d/e 24) (Reply).

ANALYSIS

The Court addresses the Motion for Default first because allowing this Motion will render the Motion for Leave as moot.  When a party has failed to plead or otherwise defend an action, and the failure is shown by affidavit, the Clerk must enter the party's default.  Fed. R. Civ. P. 55(a).  The term "otherwise defend" is broader than filing an answer or motion under Rule 12(b).  The term means appearing and challenging matters such as service, venue, or sufficiency of pleadings.  Harrison v. Bornn, Bornn & Handy, 200 F.R.D. 509, 513-14 (D. V.I. 2001).  This broad interpretation of the term "otherwise defend" reflects the strong policy in favor of deciding matters on the merits rather than by default.  See Sun v. Board of Trustees

of the University of Illinois, 473 F.3d 799, 811 (7th Cir. 2007). In this case, State Farm entered its appearance, timely asked for and secured extensions of time to respond to the Complaint (Text Orders entered December 6, 2018 and January 7, 2019), and ultimately filed the Motion for Transfer. State Farm appeared and otherwise defended this action by seeking a change of venue. Mir's arguments to the contrary are not persuasive. The cases Mir cited in his improperly filed Reply do not apply. Unlike State Farm in this case, the defendants in those cases did not have pending a motion to otherwise defend the action at the time of the entry of default. See Breuer Elec. Mfg. Co. V. Toronado Systems of America, 687 F.2d 182, 184 (7th Cir. 1982) (Defendant entered an appearance but did not answer or file a motion to otherwise defend); Jackson v. Beech, 626 F.2d 831, 833 (D.C. Cir. 1980) (District Court denied defendants' motion to stay and defendants did not subsequently answer or otherwise defend); Dutan v. Sheet Metal Remodeling, LLC, 48 F.Supp.3d 860, 864 (E.D.Va. 2014) (Defendant did not answer or otherwise defend the complaint). Entry of default is not appropriate in this case. The Motion for Default is denied.

The Motion for Leave is allowed. State Farm seeks to extend the time to answer or otherwise to plead until after the Motion for Transfer is resolved. This Court may for good cause allow motions for extensions of

time.  Fed. R. Civ. P. 6(b)(1); see Spear v. City of Indianapolis, 74 F.3d 153, 157 (7th Cir. 1996).  State Farm states that it needs additional time to prepare a responsive pleading to the Complaint.  In addition, differences exist between the local rules of Central District of California and this Court's local rules.  Compare e.g., CDIL Local Rules 5.1, 5.8, 11.1-11.3 with CDCA Local Rules, ch.1, Local Civil Rules 5-1, 5-4, 11-1 through 11-9.  If the Court grants the Motion for Leave, State Farm will be able to file its response in the format required by the District Court that will hear the case.  Mir only objected to the Motion for Leave because of his erroneous belief that an entry of default was required in this case.  Mir Opposition, at 3.  Under these circumstances, the Court determines that for good cause shown the requested delay should be granted.

THEREFORE, IT IS ORDERED that Plaintiff Jehan Zeb Mir's Application for Clerk's Entry of Default for Defendant State Farm Mutual Automobile Insurance Company (d/e 22) is DENIED, and Defendant State Farm Mutual Automobile Insurance Company's Motion for Leave File Answer or Responsive Pleading After the Court Rules Upon the Pending Motion to Transfer Venue (d/e 19) is ALLOWED.  Defendant shall answer or otherwise respond to the First Amended Complaint (d/e 5) within 21

days after the District Court rules on the pending Motion to Transfer Venue Pursuant to Section 1404(a) (d/e 12).

ENTER: March 18, 2019

s/ <i>Tom Schanzle-Haskins</i><br>
TOM SCHANZLE-HASKINS<br>
UNITED STATES MAGISTRATE JUDGE